IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-0870-PHX-DGC |
| Plaintiff/Respondent, | ) | CIV 11-0223-PHX-DGC (DKD) |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| James R. Schaffer, | ) | |
| Defendant/Movant. | ) | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

On February 2, 2011, James R. Schaffer filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging he was denied the effective assistance of counsel relating to his attorney's failure to object to jury instructions (Doc. 1). On June 22, 2011, the government filed a motion to dismiss (Doc. 5). The Court recommends that the motion to dismiss be granted.

Following a jury trial, Schaffer was convicted of Conspiracy, two counts of Fraud in Connection with Electronic Mail-CAN-SPAM, two counts of Importation or Transportation of Obscene Matters, two counts of Transportation of Obscene Matters, and Conspiracy to Launder Monetary Instruments. The district court sentenced Schaffer to concurrent terms, the longest being 63 months, followed by 3 years of supervised release. On appeal, Schaffer challenged the district court's jury instructions defining obscenity. The Ninth Circuit Court of Appeals concluded that the district court committed no reversible error in its jury

instructions. *See United States v. Kilbride*, 584 F.3d 1240, 1255 (9th Cir. 2009). The mandate issued on April 28, 2010. Schaffer filed this motion on February 2, 2011.

In his motion, Schaffer alleges two counts of ineffective assistance of counsel for "[f]ailure to object to error in jury instruction" (Doc. 1 at 5). The only additional supporting fact is Schaffer's notation indicating "[m]emorandum of law to be filed" (*Id.*). In a separate motion, Schaffer requested leave to file a memorandum in support of the claims raised in his motion (Doc. 3). On February 8, 2011, the district court granted Schaffer a 30-day extension in which to file a memorandum (Doc. 4). Schaffer has not filed any further pleadings in this case.

On June 22, 2011, the government filed a Motion to Dismiss, alleging that Schaffer has not asserted any cognizable claim for relief under section 2255. In the alternative, the government contends that any additional claims Schaffer might make would now be time-barred. It is not clear to the Court what claim Schaffer is making. Assuming, however, that he is referring to the jury instructions challenged on appeal, the court of appeals noted in its opinion that "[d]efendants objected to all these portions of the instruction in the district court." *Kilbride*, 584 F.3d at 1248. Therefore, his claim is without merit.

**IT IS RECOMMENDED** that James R. Schaffer's Motion to Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Schaffer has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 4th day of August, 2011.

---
David K. Duncan
United States Magistrate Judge